IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MYO, LLC d/b/a MYO MASSAGE, § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> MYOLOGIC MASSAGE, § <br> § <br> Defendant. § <br> § <br> § <br> § | CIVIL ACTION NO. 1:18-cv-00370 <br><br> COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT
AND REQUEST FOR INJUNCTIVE RELIEF**

Plaintiff Myo, LLC d/b/a Myo Massage (hereinafter referred to as "Plaintiff" or "Myo Massage"), alleges the following facts in support of this action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. ("Lanham Act") and for trademark infringement and unfair competition under Texas common law.

**I.   NATURE OF THE ACTION**

1. Myo Massage founded in 2006, is a health spa services business that provides therapeutic massage, pain management, relaxation massage, and other services.

2. Myologic Massage, Defendant, is also a health spa services business that was founded on or around January of 2018 and also provides therapeutic massage, pain management, relaxation massage, and other services.

3. Myo Massage owns a valid and legally protectable mark. Defendant has made and is making unauthorized use of the mark in commerce in connection with the distribution, sale, offering for sale, or advertising of goods or services. Defendant's use is likely to cause consumer confusion.

## II.     JURISDICTION AND VENUE

4.     This Court has original subject matter jurisdiction over the federal law claims pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338.  This Court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.     The Court has personal jurisdiction over Defendant.  Defendant has engaged in a continuous and systemic course of doing business in Texas, and a substantial portion of the activities complained of herein have occurred and continue to occur in this District.  On information and belief, Defendant operates a massage studio in Austin, Texas and in this judicial district.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant has committed and continues to commit tortious acts in this judicial district, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

## III.    THE PARTIES

7.     Plaintiff Myo, LLC is a corporation duly organized and existing under the laws of the State of Texas with a principal place of business located in Austin, Texas.  Plaintiff Myo, LLC does business as Myo Massage with its principal place of business located in Austin, Texas.

8.     Myo Massage is informed and believes that Defendant Myologic Massage is an unincorporated business operating under the laws of the State of Texas, with its principal place of business at 7300 Rand Road 2222 Unit 115, Austin, TX 78730.

## IV.    MYO MASSAGE AND ITS BUSINESS

9.     In May of 2006, Myo Massage was founded in Austin to create a resource for high-quality, effective massage in Austin.  Today, Myo Massage has two locations in the Austin area and offers services ranging from relaxation massage, acupuncture, and advanced techniques designed to address pain and injuries.

10.     Through its efforts and expenditures, Myo Massage has established itself in the marketplace among its customers and among the health spa community as a reliable and credible source for massage, bodywork, acupuncture, and pain relief services.

11.     The market to provide health spa services is highly competitive and fragmented with few barriers to entry. Myo Massage's trademark is an essential asset of its business, which gives it a competitive advantage in the market for health spa services.

## V.     THE "MYO MASSAGE MARK"

12.     Myo Massage has since at least as early as May 19, 2006 used its mark ("Myo Massage Mark" or the "Mark") shown below as a service mark in connection with its provision of a variety of health spa services.  This Mark has been used and continues to be used prominently on the Myo Massage website (myoaustin.com) through which Myo Massage provides a variety of goods and services to its customers and clients.

# Myo Massage

13.     Myo Massage has taken steps to protect its valuable mark. Myo Massage owns a trademark registration for its name.  Specifically:

| Mark | Registration No. Registration Date | Goods/Services |
|---|---|---|
| Myo Massage | 5,025,196<br><br>Aug. 23, 2016 | Advertisement of massage therapy and acupuncture services. |

14.     Attached as **Exhibit A** is a true and correct copy of record for the registration from the Trademark Electronic Search System (TESS) database of the United States Patent and Trademark Office.

15.     The Myo Massage Mark is inherently distinctive as applied to the subject services and serves to identify and indicate the source of Myo Massage's services to the consuming public.

16. The Myo Massage Mark (U.S. Registration No. 5,025,196), is included on all marketing and advertising outlets including print ads, the Myo Massage website, and social media sites. For example:







17. Myo Massage has spent significant sums advertising and promoting its Myo Massage Mark and the services sold thereunder. As a result of these efforts and the success of Myo Massage's business, the Myo Massage Mark is distinctive, and has come to identify the product and services of

Myo Massage in the minds of consumers and of other individuals working in the health spa industry, and the general consuming public.

18.     As a result of Myo Massage's long use and promotion of the Myo Massage Mark, Myo Massage has acquired valuable rights in the Myo Massage Mark as an indicator of source of its services.

### VI.   DEFENDANT'S INFRINGING ACTIVITIES

19.     In 2018, well over a decade after Myo Massage began operations, Defendant opened a health spa services business.

20.     Defendant and Myo Massage target and provide services to an overlapping class of customers and clients for their respective services, through overlapping channels of trade. On information and belief, Defendant has recently attempted to increase its business in the health spa services industry, in which Myo Massage has long been well-established.

21.     The name used in Defendant's Promotion is confusingly similar in overall commercial impression:

 

22.     On information and belief, Myo Massage's first use and registration of the Mark long predates Myologic Massage's use.  Defendant had constructive and actual notice of Myo Massage's trademark rights in the Myo Massage Mark for identical or closely related services.

23.     On information and belief, Defendant's imitation of Myo Massage's Mark for substantially identical health spa services is deliberate and calculated to damage Myo Massage, its Mark, its business, and its goodwill.

24. On information and belief, Defendant chose to feature Myo Massage's Mark, with knowledge of Myo Massage's use of the Mark and with the unlawful intent to obtain consumer recognition and interest based upon the success and reputation of Myo Massage, and to confuse consumers.

25. In addition to its own site, Defendant's name featuring the infringing use are linked and displayed on many other Internet websites that are fully accessible in the United States twenty-four hours a day, seven days a week.

26. Defendant is not affiliated with or sponsored by Myo Massage and has not been authorized by Myo Massage to use its Mark or any confusingly similar marks.

27. Defendant is using a name that is confusingly similar to Myo Massage's Mark in commerce, in connection with substantially identical or related services, provided to overlapping classes of customers through overlapping channels of trade. Defendant's use of a name confusingly similar to the Myo Massage Mark began long after Myo Massage had established rights in the Myo Massage Mark, and after such mark had become famous.

## VII. EFFECT OF DEFENDANT'S ACTIVITIES

28. Defendant's unauthorized use of the Myo Massage Mark is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties at least as to some affiliation, connection or association of Defendant with Myo Massage, or as to the origin, sponsorship, or approval of Defendant's services by Myo Massage.

29. Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause injury to Myo Massage and to the public for which there is no adequate remedy at law.

## FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT

30. Myo Massage repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

31. The acts of Defendant complained of herein constitute infringement of Myo Massage's federally registered Birdhouse Mark in violation of 15 U.S.C. § 1114(1).

## SECOND CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION

32. Myo Massage repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

33. The acts of Defendant complained of herein constitute trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## THIRD CAUSE OF ACTION
## COMMON LAW UNFAIR COMPETITION

34. Myo Massage repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

35. Defendants acts described above trade upon the goodwill established by Myo Massage in the Myo Massage Mark and constitute unfair competition under the common law of the State of Texas.

36. Myo Massage has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and Myo Massage lacks an adequate remedy at law to compensate for this harm and damage.

## FOURTH CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT

37. Myo Massage repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

38. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

39. Myo Massage has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and Myo Massage lacks an adequate remedy at law to compensate for this harm and damage.

## PRAYER FOR RELIEF

WHEREFORE, Myo Massage prays for entry of an order and judgment that:

1. Defendant has infringed the Myo Massage Mark in violation of 15 U.S.C. § 1114.

2. Defendant has engaged in trademark infringement in violation of 15 U.S.C. § 1125.

3. Defendant and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be permanently enjoined and restrained from further violation of 15 U.S.C. §§ 1114 and 1125, by, among other things:

   i. A temporary and permanent injunction barring Myologic Massage from using the trademark "Myo Massage" in the United States, using any symbol that indicates Myologic Massage owns the trademark in the United States, or making any misrepresentations of fact to customers.

   ii. using the Myo Massage Mark or any other reproduction or colorable imitation in a manner that is likely to cause confusion as to whether Defendant's services originate from Myo Massage, or as to an association, affiliation or connection between Defendant and Myo Massage;

   iii. using the Myo Massage Mark and any other reproduction or colorable imitation in any manner so as to compete unfairly with Myo Massage in any manner, including promotion of Defendant's services.

4. Defendant, pursuant to 15 U.S.C. § 1116, shall file with this Court and serve upon Myo Massage within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5. Defendant, pursuant to 15 U.S.C. § 1118, shall deliver up for destruction, or show proof of said destruction or sufficient modification to eliminate all products, displays, advertisements, commercials, Internet postings and advertisements, promotional items or other matter in the possession, custody or control of Defendant bearing or embodying the Myo Massage Mark or otherwise infringing the Myo Massage Mark;

6. Myo Massage be awarded Defendant's profits derived from Defendant's infringing acts pursuant to 15 U.S.C. § 1117;

7. Myo Massage be awarded its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and,

8. Myo Massage recover such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in accordance with Federal Rule of Civil Procedure 38(b).

Dated:  May 2, 2018                                  Respectfully submitted,

*/s/ Michael Simons*
Michael Simons
msimons@velaw.com
Texas Bar No. 24008042
**VINSON & ELKINS LLP**
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel: 512.542.8400
Fax: 512.542.8612

**ATTORNEYS FOR PLAINTIFFS**